UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THADDEUS BOSTON,

           Plaintiff,

-vs-                                              Case No. 2:10-cv-557-FtM-29SPC

CHARLOTTE COUNTY SHERIFF'S OFFICE,

           Defendant.
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on Motion for Leave to Proceed *In Forma Pauperis* (Doc. #2) filed on September 10, 2010. On September 16, 2010, this Court deferred ruling on the Motion pending the filing of the Plaintiff's Amended Complaint. (Doc. #7). In that Order, the Court found that Plaintiff's Complaint (Doc. # 1) attempts to assert a Title VII workplace discrimination claim against the Charlotte County Sheriff's Office. The Complaint fails to follow any format, but instead is nothing more than a stream of facts and allegations without any form as to how the alleged Defendants violated a specific constitutional right or law. Accordingly, the Court required Plaintiff to file an Amended Complaint, in accordance with Federal Rules of Civil Procedure 8 and 10 and gave him 30 days to do so. To date, Plaintiff has failed to file an Amended Complaint.

      When an application is filed to proceed *in forma pauperis*, the Court is obligated to review the file pursuant to Title 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires the Court to dismiss the case if it determines that the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915. A complaint is considered to be frivolous when it "lacks an

arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  *Pro se* complaints should be held to a less stringent standard than pleadings drafted by attorneys.  Watson v. Ault, 525 F.2d 886, 891 (5th Cir. 1976).[1]

In this case, it appears that Plaintiff is asserting a claim for injunctive relief and monetary damages against the Charlotte County Sheriff's Office for workplace discrimination based on "my race or color" under Title VII.  While not named in the caption, it appears that Plaintiff is asserting a claim against the Equal Employment Opportunity Commission because they did not conduct an investigation within the 180-day time frame.  Plaintiff worked in some capacity for the Charlotte County Sheriff's Office.  He asserts that he was arrested in January 2010 for battery, domestic battery, and false imprisonment of Deputy Teresa Roman.  He claims that all charges were dropped in February 8, 2010.  He was put on leave without pay from the Sheriff's Office during the internal investigation and claims he was "not give[n] fair due process with internal affairs according to their own policies and procedures" because they concluded their investigation of him and were going to fire him without taking his official statement. Pl. Compl. at ¶ 6B.  Plaintiff resigned instead of being fired.  He also alleges that the Department was in violation of his union contract because it changed a policy after he was arrested to put him on leave without pay until the investigation was complete.  Allegedly, the policy prior to his arrest was that officers would go on leave with pay during the investigation.  He alleges that "there were several other officers (white officers) who had been arrested, prior to my arrest, and they were never treated this way." Id. at ¶ 6A.

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir., 1981) (*en banc*),the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Under Title VII, it is unlawful "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). Plaintiff named the Charlotte County Sheriff's Office as the only defendant in this action. "The sheriff's office itself is not a legal entity and as such may not be sued." White v. Santa Rosa County Sheriff's Office, 2008 WL 2117262, *3 (N.D. Fla. May 91, 2008) (stating that the capacity to be sued in federal court is governed by the law of the state in which the district court is located). "[N]o provision is made constitutionally or statutorily for a 'Sheriff's Department' as a separate legal entity, as an agency of the county, or as a corporate entity, and there is no authority for a Sheriff's Department to be sued in such a name." Id. Thus, Plaintiff has failed to state a claim upon which relief may be granted and it is respectfully recommended that the Motion for Leave to Proceed *In Forma Pauperis* be denied and this action be dismissed. Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

Motion for Leave to Proceed *In Forma Pauperis* (Doc. #2) should be **DENIED** and the case **DISMISSED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this ___19th___ day of October, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record